900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Florence McCULLOUGH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 89-1899.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1990.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Florence McCullough appeals from the district court order affirming the Secretary of Health and Human Services' determination that she was not disabled and, therefore, not entitled to disability insurance benefits. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 Claimant McCullough was born on July 13, 1941. She completed the eleventh grade in school. From 1965 to around 1971, McCullough worked as a cook/cashier and diet aide for the Children's Hospital and from 1971 through 1973 she worked as an auto assembler for Chrysler. McCullough was previously awarded disability benefits in 1973, which were terminated in 1983.[1]
 
 
 3
 Claimant filed an application for disability insurance benefits on January 21, 1985, alleging a disability onset date of May 1, 1983, due to high blood pressure, headaches, numbness of the right arm and leg, and lack of control over her bowels and gastrointestinal gas ever since she had surgery to remove five feet of her small intestine in 1984. Her application was denied initially on March 25, 1985, and on reconsideration. On November 4, 1985 these denials were rescinded by an administrative law judge (ALJ) and remanded for review under the revised rules of the Social Security Disability Benefits Reform Act of 1984.[2] After review, her claim was again denied initially and upon reconsideration.
 
 
 4
 On July 14, 1987, a de novo hearing was held before an ALJ. McCullough, a medical advisor Dr. Lewis, and a vocational expert Dr. Fortui, testified at the hearing. On September 8, 1987, the ALJ issued a decision finding that claimant met the disability insured status requirements on May 1, 1983, the alleged onset date, and continued to meet them through June 30, 1987, but not thereafter. Because she retained the residual functional capacity to perform a full range of sedentary work and her past relevant work as a cashier included sedentary work, the ALJ found that she was not disabled. In the alternative, the ALJ found that the application of the Medical Vocational Guidelines (the Grids) directed a determination of non-disability based on age, work experience, education, and exertional capacity. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary.
 
 
 5
 Claimant filed an appeal in the United States District Court for the Eastern District of Michigan. The action was referred to a United States Magistrate, who determined that substantial evidence supported the Secretary's decision. The district court adopted the magistrate's report and recommendation and issued an order affirming the Secretary's denial of benefits. Claimant timely filed this appeal.
 
 II.
 
 6
 This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g), which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole," Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 2058, 1059 (6th Cir.1983) (per curiam).
 
 
 7
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. Sec. 423(d). The Secretary uses a five-step sequential analysis to determine disability claims. 20 C.F.R. Sec. 404.1520. At step one, if the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied. 20 C.F.R. Sec. 404.1520(b). At step two, if the claimant is not found to have an impairment which significantly limits his or her ability to work (a severe impairment), then he or she is not disabled. 20 C.F.R. Sec. 404.1520(c). Since the ALJ found that McCullough had not worked since 1973 and that she suffered from a severe impairment, further inquiry was necessary. At step three, if the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments. 20 C.F.R. Sec. 404.1520(d). If so, benefits are owing without further inquiry. In the instant case, the ALJ found that McCullough is "status post removal of five feet of bowel and hernia repair," but that she did not suffer from one of the listed impairments. In such a case, assuming the individual has previously worked, the Secretary must next decide at step four whether the claimant can return to a job he or she previously held. 20 C.F.R. Sec. 404.1520(e). The Secretary determines a claimant's residual functional capacity and compares it to the demands of her past relevant work to decide if she is capable of performing this work. See Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir.1984). In the instant case, the ALJ found that because claimant had the residual functional capacity to perform a wide range of unskilled sedentary work and that one of her previous jobs, being a cashier, consisted of sedentary work, she was not disabled.
 
 
 8
 Even though it was not necessary to proceed to step five after making a determination of non-disability at step four, the ALJ made an alternative holding at step five. At step five, after it has been determined that a claimant cannot perform past relevant work, the burden shifts to the Secretary to establish the claimant's ability to work. Id. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education, and physical capacity, the claimant retains the capacity to perform a different kind of job. 20 C.F.R. Sec. 404.1520(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical vocational guidelines. Kirk, 667 F.2d at 528-29. See 20 C.F.R. Pt. 404, Subpt. P., App. 2.
 
 
 9
 At this stage of the analysis, the ALJ determined that claimant had the residual functional capacity for a wide range of unskilled sedentary work. 20 C.F.R. Sec. 404.1567(a). Following the direction of 20 C.F.R. Sec. 404.1520a, the ALJ considered McCullough's functional limitations with respect to the medical reports and testimony concerning the severity of her mental impairment and determined that there was no significant nonexertional mental limitation affecting her ability to work. 20 C.F.R. Sec. 404.1545(c). The ALJ concluded that it was, therefore, appropriate to apply the Medical Vocational Guidelines, otherwise known as the "Grids." Based on an exertional capacity for sedentary work and on claimant's age, education and work experience, 20 C.F.R. Sec. 404.1569 and Grid Rule 201.18, Pt. 404, Subpt. P., App. 2, directed a conclusion of "not disabled." Because the ALJ found that application of the Grids directed a determination of non-disability, vocational testimony was not required. Gaffney v. Bowen, 825 F.2d 98, 102 (6th Cir.1987); Kirk, 667 F.2d at 528-29. The vocational expert, Dr. Fortui, in response to a hypothetical question by the ALJ, had testified at the hearing that a significant number of jobs existed in the national economy that accommodated claimant's limitations only if the ALJ determined that claimant's subjective complaints were not credible.
 
 III.
 
 10
 The Secretary argues that the only matter validly before this court is the claimant's contention that the hypothetical which the ALJ posed to the vocational expert was so seriously flawed that the vocational expert's response was not reliable evidence for a conclusion that claimant was not disabled. The Secretary argues that this contention is irrelevant because there is no need to consider vocational testimony when the ALJ makes a determination of non-disability at step four, finding that a claimant can return to past relevant work. Because claimant did not contest this step-four determination in her motion for summary judgment or her objections to the magistrate's report and recommendation, the Secretary argues that her appeal must fail as she raises no argument that was relevant to the Secretary's determination of non-disability.
 
 
 11
 As an initial matter, this court agrees with the Secretary that an argument not objected to in the claimant's objections to the magistrate's report and recommendation and not raised before the district court is not properly before the court of appeals. Thomas v. Arn, 474 U.S. 140, 148 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981). It is true that claimant failed to specifically address before the district court whether there was substantial evidence to support a determination that claimant was not disabled because she retained the residual functional capacity to perform her past relevant work. However, claimant did bring a general objection about the Secretary's failure to properly evaluate the medical evidence concerning her mental impairment in both her motion for summary judgment and her objections to the magistrate's report and recommendation. Moreover, both the magistrate and district court addressed the issue of the substantiality of the evidence for a step-four determination that claimant was not disabled. Therefore, we will consider the issue of whether the Secretary's decision is supported by substantial evidence on the merits.[3]
 
 
 12
 Claimant alleged disability due to high blood pressure and headaches, bowel problems, and numbness of her right side. Claimant also claimed that she had problems with her nerves. Although claimant stated at the hearing before the ALJ that her mental condition was not a basis for her claim of disability, the ALJ considered her mental condition.
 
 
 13
 We agree with the Secretary that claimant's allegations of disability are not supported by objective evidence in the record. The ALJ properly considered the medical record in toto in evaluating claimant's subjective complaints of work limitations. Atterberry v. Secretary of Health and Human Servs., 871 F.2d 567, 571 (6th Cir.1989). Moreover, the ALJ's determination of a claimant's credibility should not be lightly discarded. Beavers, 577 F.2d at 387. Although claimant complained that she was unable to work because of high blood pressure, headaches, and shortness of breath, a report by claimant's treating physician indicated that there is no evidence of damage from hypertensive vascular disease to end organs. The record also indicated that claimant has no cardiac origin chest pain and that her blood pressure readings have shown improvement and are not seriously abnormal. With respect to McCullough's complaints of numbness of her right side, an EEG showed some seizure activity that was treated with Dilantin and a motor examination showed evidence of right hemiparesis, but a sensory evaluation showed intact results and the remaining portion of the neurological examination was negative. Moreover, a CT scan was essentially negative. In addition, McCullough's treating physician reported that McCullough had not lost any grip strength, nor had she lost fine or gross dexterity.
 
 
 14
 In regard to claimant's allegations concerning her bowel problems, the evidence shows that claimant had undergone treatment for complaints of abdominal pain which resulted in removal of five feet of the distal ileum (the distal portion of the small intestine) in December 1984. The ALJ concluded that she had recovered satisfactorily from the surgery to perform unskilled sedentary work by June 30, 1987, and that her subjective complaints that she could not control her bowels and must periodically lie down for 25 minutes were not credible in view of the objective evidence in the record. We find that substantial evidence supports this determination. The record does not contain any objective evidence supporting a finding of sufficient gastrointestinal disorder which would require a finding of disability pursuant to 20 C.F.R., Pt. 404, Subpt. P, App. 1, Sec. 5.08. Claimant's treating physician indicated that she had demonstrated a stable weight pattern and ability to maintain adequate nutrition, which the ALJ concluded would be difficult with a severe bowel problem. The medical advisor, Dr. Benjamin Lewis, testified that because the colon of claimant was left intact, there is no clearly apparent medical reason for her loose bowels. Moreover, claimant admitted that she was not following a prescribed bland diet.
 
 
 15
 Regarding claimant's alleged mental impairment, McCullough testified at the hearing that she was not disabled due to any mental impairment nor had she received treatment by a psychiatrist or a psychologist or been prescribed medication by a psychiatrist since 1983. Although claimant was hospitalized in September 1974 for personality disturbance, chronic severe depressive reaction, and psychophysiological reaction cephalalgia, in July 1985, a report by Dr. Forrer, a psychiatrist, indicated that no certain psychiatric disorder could be established except for an atypical mild depression. Absence of any treatment after 1983 and a diagnosis of mild depression supports the ALJ's conclusion that claimant did not suffer from a severe mental nonexertional impairment. Atterberry, 871 F.2d at 571. Dr. Forrer stated that claimant displayed no confusion or clouding of consciousness, was in good contact with her circumstances, and did not evidence any particularly limiting psychopathology except for fear of heights and closed spaces. In April 1986, Dr. Forrer reexamined claimant and indicated that she displayed no impairment in daily activities or social functioning except for the exercise of preference in confining her friendships. She was able to take care of household chores and could deal with a mentally impaired child which could be considered activities equivalent to a worklike situation. There was no indication of concentration or persistence deficiencies and no indication of any deterioration or decompensation in work or worklike situations. No diagnosis was presented except for a histrionic personality disorder. We find that these reports provide substantial evidence for the ALJ's conclusion that claimant's mental condition was only of slight abnormality with minimal effect and would not interfere with her ability to work.
 
 
 16
 The ALJ determined that the medical evidence indicated that claimant had the residual functional capacity to perform work-related activities except for work involving prolonged walking or standing or lifting over 10 pounds. She was thus able to perform a wide range of unskilled sedentary work. 20 C.F.R. Sec. 404.1567(a).[4] The ALJ then concluded that McCullough's past work as a cashier did not require the performance of work activities precluded by her residual functional capacity. This court has held that being a cashier is properly classified as sedentary work. Maziarz v. Secretary of Health and Human Servs., 837 F.2d 240, 246 (6th Cir.1987). Because she was able to perform her past relevant work, the Secretary concluded that claimant was not under a disability as defined in the Act. We find that the Secretary's determination that claimant could return to her past relevant work is supported by substantial evidence. We therefore affirm the decision of the district court on this issue.
 
 III.
 
 17
 In the alternative, the Secretary determined that under a step-five analysis, application of the medical vocational guidelines directed a determination of "not disabled." The Secretary concluded that in view of McCullough's age (46-younger individual), education (limited), work experience (unskilled) and residual functional capacity (full range of sedentary work), Rule 201.18 of the Grids directed a conclusion that McCullough could perform a significant number of jobs that existed in the national economy. If the Grids are properly applied, the testimony of a vocational expert about whether there are a significant number of other jobs that claimant could perform is unnecessary. Kirk, 667 F.2d at 528. Claimant has never argued that the Secretary's use of the Grids to direct a conclusion of non-disability was erroneous. Because the alternative determination of the Secretary under step five does not depend on the vocational expert's testimony, but on the application of the Grids, an issue which was not challenged below or taken into consideration by the magistrate or the district court, it is not necessary for us to consider the vocational testimony. Thomas, 474 U.S. at 148.
 
 
 18
 Even if claimant had not waived consideration of this issue on appeal, she would not have prevailed as we believe that the ALJ's hypothetical question to the vocational expert was not clearly flawed, but reflected his disbelief of claimant's testimony, a disbelief, which as we have previously discussed, is supported by substantial evidence. A hypothetical question must accurately portray the claimant's mental and physical impairments and be supported by evidence in the record. Hardaway v. Secretary of Health & Human Servs., 823 F.2d 922, 927 (6th Cir.1987). The ALJ's question did not distort the the objective evidence in the record.
 
 
 19
 For the above reasons, we affirm the decision of the district court.
 
 
 
 [1]
 McCullough did not challenge the termination of her benefits to a district court under 42 U.S.C. Sec. 405(g). Thus, the termination of claimant's former benefits is final and binding and is not at issue in this case. Califano v. Sanders, 430 U.S. 99, 109 (1977); Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 849 n. 1 (6th Cir.1986). McCullough's attempt to claim that the Secretary has the burden of proof to show that her condition improved before terminating benefits is not an issue before this court. Rather than appeal the cessation of benefits in 1983, claimant filed the instant application for disability benefits on January 21, 1985, alleging a disability onset date of May 1, 1983. At issue is McCullough's condition as of May 1, 1983, her alleged onset date, not the termination of her former benefits
 
 
 [2]
 Claimant appears to argue that because an ALJ remanded the case to consider her impairment under the revised rules, the Secretary's "burden was to show that plaintiff's condition had improved from when she was awarded disability benefits." This argument is without merit. The remand was to reconsider under the revised rules a determination to deny benefits which had been made under the previous rules
 
 
 [3]
 The rationale for excluding arguments not raised by claimant before the district court does not apply in this case. The Supreme Court has stated that the "filing of objections to a magistrate's report enables the district judge to focus attention on those issues ... that are at the heart of the parties dispute" and prevents a litigant from "sandbagging the district judge," which would force the "court of appeals to consider claims that were never reviewed by the district court." Thomas, 474 U.S. at 147-48. In the present case, even though claimant did not raise the issue, the district court thoroughly reviewed the medical evidence and concluded that there was substantial evidence for a determination that claimant was not disabled because she could return to her past relevant work
 
 
 [4]
 Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. Sec. 404.1567(a)